UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN SASSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LTD FINANCIAL SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff LAUREN SASSON (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant LTD FINANCIAL SERVICES LIMITED PARTNERSHIP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the FDCPA which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business in Houston, Texas.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to Department Stores National Bank Macy's, in which Defendant improperly attempted to collect an alleged debt, in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to February 17, 2015, an obligation was allegedly incurred by Plaintiff.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

4

household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. Department Stores National Bank Macy's, directly or through an intermediary, contracted Defendant to collect Department Stores National Bank Macy's ("DSNB") debt.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. In its effort to collect on DSNB obligation, Defendant contacted Plaintiff by written correspondence.  ("**Exhibit A**").

20. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Said correspondence states in pertinent part: "Whenever $600.00 or more in principal of a debt is discharged as a result pf settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form."

22. As set forth in the following Counts, Defendant's communication violated the FDCPA.

## First Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## False or Misleading Representations as to the Rights of the Consumer

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

26. Defendant's communication was false and misleading in violation of the FDCPA.

27. Said communication states as follows: "Whenever $600.00 or more in principal of a debt is discharged as a result pf settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form."

28. The Defendant's advice to Plaintiff that Defendant's client may be required to report the amount of the debt forgiven to the Internal Revenue Service ("IRS") is a deceptive and misleading statement in violation of the FDCPA.

29. Here, the balance due and the settlement offer are not greater than $600.00; therefore, Defendant's statement regarding tax consequences is absolutely irrelevant.

30. Furthermore, Defendant fails to accurately state the law. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

31. Here, there is no basis to conclude that a triggering event has or will occur requiring the applicable entity to file a Form 1099C.

32. Therefore, Defendant misrepresented the law by including a clause about an amount of debt higher than that owned by Plaintiff.

33. The gratuitous reference in Defendant's dunning letter that Defendant's client may contact the IRS regarding any negotiated resolution to the debt at issue in this letter is a collection ploy. Such a ploy suggests to the "unsophisticated consumer" that he or she

could get in trouble with the IRS for refusal to pay the debt or for negotiating the debt at issue in the letter. [1]

34. The statement in the dunning letter that Defendant's client may contact the IRS is objectively false. Indeed, any forgiveness may not be reported to the IRS. The law prohibits Defendant's client, from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur--none of which are applicable to Plaintiff.

35. The statement in Defendant's dunning letter is false and deceptive in that it does not explain that it is only under certain, limited circumstances that a 1099C for may be reported to the IRS.

36. The statement in Defendant's dunning letter is false and deceptive in that it does not explain that Defendant's client is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of debt that is being discharged.

37. The statement in the Defendant's dunning letter is false and deceptive in that it falsely implies to the "unsophisticated consumer" as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

38. The statement in the Defendant's dunning letter represents language that Defendant knows, or should know, is false.

---

[1] Nor does Defendant's use of conditional language –the use of the word "may" – shield it from liability. For example, the Seventh Circuit, in *Lox v. CDA*, *Ltd*., 689 F,3d 818 (7th Cir. 2012), stated "that it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass". *Id*., at 825. In reaching this conclusion, the Court in *Lox* discussed *Ruth v. Triumph P'Ships*, 577 F.3d 790 (7th Cir. 2009), and *Gonzales v. Arrow Fin*. *Servs*., *LLC*, 660 F.3d 1055 (9th Circ. 2011). In *Gonzales*, the defendant had alleged that it would report the account as settled "if [the defendant was] reporting the account…" *Id*., at 1059.  In *Gonzalez*, the defendant could not legally report the debt to a credit bureau, much like in this case where Defendant, or its client, could not legally file a Form 1099C with the IRS. Gonzalez specifically reasoned that "conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Id*., at 1063.  In *Ruth*, the defendant alleged that it "may collect and/or share all the information [defendant obtains] in servicing [the plaintiff's] account." *Id*., at 793.  However, the defendant in *Ruth* was legally barred from sharing any information absent consent, much like Defendant, or its client, is legally barred from filing a Form 1099C with the IRS regarding Plaintiff's debt. Defendant simply included the IRS in its merely letter to intimidate and mislead Plaintiff.

39. The statement in the Defendant's dunning letter misleads the "unsophisticated consumer" into believing that, unless the consumer pays the entire amount Defendant alleges is owed, the consumer is going to have to pay taxes on the entire unpaid balance of the debt.

**Second Count**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Rights of the Consumer**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately provide the consumer with statutorily mandated information notifying them of their rights is unfair and deceptive to the least sophisticated consumer.

46. Because the collection letter in the instant case omits important information and may lead the consumer to act in a way contrary to her best interests, it is deceptive within the meaning of 15 U.S.C. § 1692e.

47. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

48. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

49. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

50. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

(b) certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: __/s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:    (718) 339-0856
Facsimile: (347) 244-7178

9

*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.

Dated: February 3, 2016